UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

36 BUILDERS, INC., a Delaware
corporation, d/b/a INSIGHT HOMES,
and INSIGHT LAND COMPANY, LLC,
a Delaware limited liability company,

      Plaintiffs/Counter-Defendants,

v.

JACK HUTCHINS HAESE,

      Defendant/Counter-Plaintiff.

Case No. 1:20-cv-01669-MN

(Removed Case No. 2020-0861-MTZ)

## DEFENDANTS' ANSWER AND COUNTERCLAIMS

Defendant, Jack Hutchins Haese, for his Answer to the Complaint, states as follows:

1. Defendant admits that he served as CFO for 36 Builders, Inc., d/b/a Insight Homes, until August 1, 2018, but denies all remaining factual assertions contained within this paragraph. The paragraph is denied to the extent it contains legal conclusions to which no response is required.

2. Denied and Defendant demands strict proof of the same. The paragraph is also denied to the extent it contains legal conclusions to which no response is required.

3. Admitted.

4. The legal conclusion stated in Paragraph 4 relates to the alleged jurisdiction of a Delaware Court of Chancery. As noted in Defendant's Notice of

1

Removal, this court possesses jurisdiction of the case at bar pursuant to 28 U.S.C. § 1332.

5. The legal conclusion stated in Paragraph 5 relates to the alleged jurisdiction of a Delaware Court of Chancery. The Defendant admits that the Complaint alleges actions occurring in Sussex County, Delaware. Defendant denies all other factual allegations and insinuations.

6. Admitted that Exhibit A is a true and correct copy of the Employment Agreement between Defendant and 36 Builders, Inc., d/b/a Insight Homes.

7. Defendant admits to serving as Chief Financial Officer for 36 Builders, Inc., d/b/a Insight Homes until resigning as alleged in paragraph 7. Defendant denies all other factual allegations and insinuations.

8. Defendant admits to the allegations as they related to his service as Chief Financial Officer for 36 Builders, Inc., d/b/a Insight Homes. Defendant denies all other factual allegations and insinuations.

9. Defendant admits that the Employment Agreement outlines his responsibilities as Chief Financial Officer for 36 Builders, Inc., d/b/a Insight Homes. The terms and requirements of the Employment Agreement speak for themselves and Defendant denies any attempt by Plaintiff to paraphrase or draw legal conclusions from the terms. Defendant denies all other factual allegations and insinuations.

10. Defendant admits that the Employment Agreement outlines his responsibilities as Chief Financial Officer for 36 Builders, Inc., d/b/a Insight Homes. The terms and requirements of the Employment Agreement speak for themselves and

Defendant denies any attempt by Plaintiff to paraphrase or draw legal conclusions from the terms.  Defendant denies all other factual allegations and insinuations.

11. Admitted that on or about July 16, 2018 Defendant tendered his resignation effective August 1, 2018.  All other factual assertions of this paragraph are denied.

12. Admitted.

13. Admitted.

14. Admitted that Defendant had contacts in the Sussex County development community.  Defendant denies all other factual allegations and insinuations.

15. Admitted

16. Denied.

17. Admitted that Defendant has had a business relationship with Fuqua and Willard since 2004, long before his employment with 36 Builders Inc., d/b/a Insight Homes.  Defendant denies all other factual allegations and insinuations.

18. Admitted.

19. Defendant admits to emailing Fuqua on October 1, 2018.  Defendant denies all other factual allegations and insinuations.

20. Denied that 36 Builders, Inc., d/b/a Insight Homes owns Hawthorne Development, LLC.  All other factual assertions are admitted.

21. Defendant admits to preparing a letter to Rick King in February 2019, after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated.  Defendant denies all other factual allegations and insinuations.

22. Defendant admits to preparing a letter to Rick King in February 2019 after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated. Defendant denies all other factual allegations and insinuations.

23. Defendant admits to exchanging emails with Kenny McLendon in March 2019 after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated. Defendant denies all other factual allegations and insinuations.

24. Defendant admits to exchanging emails with Kenny McLendon in March 2019 after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated. Defendant denies all other factual allegations and insinuations.

25. Defendant admits to preparing a letter to Jonathan Pentecost in May 2019 after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated. Defendant denies all other factual allegations and insinuations.

26. Denied.

27. Denied.

28. Defendant admits to exchanging emails with Larry Ochsman in February 2019 after his employment with 36 Builders, Inc., d/b/a Insight Homes had terminated. Defendant denies all other factual allegations and insinuations.

29. Denied.

30. Denied.

## COUNT I – BREACH OF FIDUCIARY DUTY

31. Defendant repeats and incorporates by references his answers to paragraphs 1 through 30.

32. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied and Defendant demands strict proof of the same.

33. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied and Defendant demands strict proof of the same.

34. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied and Defendant demands strict proof of the same.

## COUNT II – BREACH OF CONTRACT

35. Defendant repeats and incorporates by references his answers to paragraphs 1 through 34.

36. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied and Defendant demands strict proof of the same.

37. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied and Defendant demands strict proof of the same.

38. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, these allegations are denied and Defendant demands strict proof of the same.

## AFFIRMATIVE DEFENSES

39. Plaintiffs' Verified Complaint fails to state a cause of action against the Defendant, either in law or in fact, upon which relief may be granted.

40. Defendant alleges that the service of process in this action was insufficient in that Defendant was not served with process in conformity with the provisions of 10 Del. C. § 3104.

## JURY DEMAND

41. Defendant demands a trial by jury on all issues so triable.

## COUNTERCLAIM – VIOLATION OF THE DELAWARE WHISTLEBLOWERS' PROTECTION ACT

42. Defendant's counterclaim is for damages arising from violations of the Delaware Whistleblowers' Protection Act ("DWPA"), 19 Del. C. §§ 1701 et seq.

43. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

44. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

45. During his tenure as CFO for 36 Builders, Inc., d/b/a Insight Homes, the Counter-Plaintiff, Haese was responsible for the production of financial reports and financial statements, to existing banking sources and bonding companies, doing business with 36 Builders, Inc., d/b/a Insight Homes. In addition, Haese assisted in the preparing the

personal financial statement of 36 Builders Inc.'s owner, Robert M. Lisle.

46. At this time, Haese arranged financing through Eagle Bank of Maryland, Essex Bank of Maryland, both federally regulated financial institutions, and Adler Financial Group (Dashco), a privately owned real estate investor. It was a part of the Haese's duties introduce 36 Builders, Inc., d/b/a Insight Homes to private equity sources. Haese had conducted multiple transactions with these entities for other employers and clients prior to his arrival employment with 36 Builders, Inc., d/b/a Insight Homes.

47. In Fall 2017, Haese became increasingly concerned over the financial position of 36 Builders, Inc., d/b/a Insight Homes and related entities which were carrying millions in past due payables, some exceeding 90 days. Haese and the accounting staff with which he worked daily, endured countless phone calls from trade payable accounts, asking for the accounts to be brought current.

48. In Spring 2018, Haese was contacted by representatives of the Delaware Attorney General's office, Consumer Affairs Division. The agent questioned why Robert M. Lisle would not return his call or answer his correspondence. Subsequently, the Attorney General's office sent another letter, which the Plaintiff delivered to Lisle.

49. Working through counsel, Lisle entered into a plea agreement on behalf of 36 Builders, Inc., d/b/a Insight Homes, admitting guilt and paying a substantial fine for false and misleading advertising.

50. At or around the same time, Haese noticed that the balances in the Maryland Escrow accounts of 36 Builders, Inc., d/b/a Insight Homes.  These accounts, opened for the purpose of holding escrows pursuant to Maryland law, were depleted with little to no cash

remaining despite multiple contracts for Maryland properties being built at that time.

51. Haese discussed the depletion with Amy Cavallini, the accounts' Controller, and was told that Lisle had instructed her to move the cash into the general operating account of 36 Builders, Inc., d/b/a Insight Homes.  Haese advised both the Cavallini and 36 Builders, Inc., d/b/a Insight Homes's general counsel, Andrew Campanelli, that this act was a violation of law.

52. Shortly thereafter, Lisle announced the hiring of Paula Sachs, a CPA by training, and a past school friend of Lisle's.  Sachs was introduced as the new Chief Financial Officer and Director of Financial Reporting for 36 Builders, Inc., d/b/a Insight Homes.

53. After this announcement, Haese noticed that he had no further access to any of the computer records despite his responsibility for various accounts under his Employment Agreement with 36 Builders, Inc., d/b/a Insight Homes.

54. Haese confronted Lisle about the change in access and was told that Sachs would prepare the financial statements from that point forward while Haese was to focus on land deals and land entitlements, as well as banker, bonding, and equity relations.

55. In Summer 2018, while performing his recently diminished duties, Haese noticed that "past due payables" had continued to rise and became concerned over violations of 6 Del. C. § 3504 due to the existence of millions of dollars outstanding on houses that had been settled 90-120 days prior.   Haese confronted his superiors with these issues and refused to sign further closing certifications he now knew to be false.

56. In light of his concerns over repeated violations of law and his diminished

duties upon refusal to cooperate in such violations, Haese resigned on July 22, 2018, to be effective August 1, 2018, from his positions with 36 Builders, Inc., d/b/a Insight Homes.

    57.    Throughout this time, Haese was an employee and 36 Builders, Inc., d/b/a Insight Homes an employer as defined by the DWPA.

    58.    36 Builders, Inc., d/b/a Insight Homes violated the DWPA, when it constructively discharged, threatened, and otherwise discriminated against Haese regarding the terms, conditions, and privileges of his employment because he reported and refused to assist in violations as defined in the DWPA.

    59.    As a direct and proximate result of the violation of the DWPA, Haese has been injured and damaged as follows:

    a.    Loss of earnings and earning capacity, past, present, and future;

    b.    Loss of fringe benefits of employment;

    c.    Loss of pension benefits;

    d.    Anxiety, embarrassment, and humiliation, past, present, and future;

    e.    Mental anguish, past, present, and future;

    f.    Loss of social pleasure and employment, past, present, and future; and,

    g.    Any other injuries which because of their nature have not manifested themselves at the time of the filing of this Complaint.

THEREFORE, Defendant respectfully requests judgment:

    a)    that Plaintiffs take nothing on their claims;

    b)    that Defendant have judgment against 36 Builders, Inc., d/b/a Insight Homes in the amount to be decided at trial;

    c)    that Defendant be awarded costs and reasonable attorney fees; and,

    d)    for such other relief as the court may deem just and proper.

**Dated:**　　　**December 18, 2020**　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Stephen P. Norman, Esquire
　　　　　　　　　　　　　　　　　　　　Stephen P. Norman, Esquire
　　　　　　　　　　　　　　　　　　　　30838 Vines Creek Road, Unit 3
　　　　　　　　　　　　　　　　　　　　Dagsboro, DE  19939
　　　　　　　　　　　　　　　　　　　　(302) 537-3788
　　　　　　　　　　　　　　　　　　　　snorman@thenormanlawfirm.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Jack Hutchins Haese*