AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| 36 Builders, Inc., a Delaware corporation, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   20-cv-1669 MN |
| Jack Hutchins Haese | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     NVR, Inc., c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE  19808

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A attached.

| Place: Faegre Drinker Biddle & Reath LLP, 222 Delaware Avenue, Suite 1410, Wilmington, DE  19801 | Date and Time:<br><br>08/20/2021 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/26/2021

_CLERK OF COURT_

OR _____        Jos. C. Schall
                                                Bar No. 3133_
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     36 Builders, Inc. dba Insight Homes and Insight Land Company, LLC _____, who issues or requests this subpoena, are:

Joseph C. Schoell, Faegre Drinker Biddle & Reath LLP, 222 Delaware Ave., Ste. 1410, Wilmington, DE 19801; (302) 467-4200; Joseph.Schoell@faegredrinker.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    20-cv-1669 MN

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    NVR, INC.

on *(date)*   07/26/2021

☒ I served the subpoena by delivering a copy to the named person as follows:    NVR, INC.

C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DR., WILMINGTON, DE 19808

ACCEPTED BY: LYNANNE GARES (MANAGING AGENT)        on *(date)*   07/26/2021 AT 3:30 PM   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date:   07/26/2021

_____
*Server's signature*

KEVIN S. DUNN        PROCESS SERVER
_____
*Printed name and title*

BRANDYWINE PROCESS SERVERS, LTD., PO BOX 1360, WILMINGTON, DE 19899
*Server's address*

Additional information regarding attempted service, etc.:

SERVED WITH EXHIBIT A

# **<u>EXHIBIT A</u>**

**Subpoena Directed to NVR, Inc.**
**Documents to be Produced**

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1.      The term "all documents" means any and every "document," as defined below, which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation all documents possessed by: (a) you or your counsel; or (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring into your possession by demanding same.

2.      "Document" or "documents" shall be construed broadly and expansively to include any medium upon which information is kept, however produced, reproduced or stored, in the actual or constructive possession, custody or control of You, or of which You have knowledge of its existence, and whether prepared, published or released by You or by any other person or entity, including but not limited to letters, reports, memoranda, opinions, written advice, agreements, resolutions, correspondence, intra-office or inter-office correspondence, telegrams, minutes or recordings of meetings, drafts, revisions, invoices, receipts, notes, sketches, records, ledgers, contracts, bills, accounting and financial records and data, diaries, journals, calendars, computer cards, tapes, electronic mail, disks, printouts and other means of electronically stored information. Such electronically stored information shall include, but is not limited to, electronic mail, instant messages, word processing documents, including all drafts and final versions thereof, faxes, voicemails, digital images and graphics, internet usage history, deleted, fragmentary and residual data, spreadsheets and databases. "Document" also includes the original and any draft thereof and all non-identical copies of documents and copies upon which notes have been made.

1

3.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by email, letter or otherwise.

4.     The term "any" includes "all," and the term "all" includes "any." Each term shall be construed in the context of each topic to include more, rather than fewer, documents.

5.     The term "relating to" (including any variant thereof), includes referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, analyzing, touching upon, and constituting, and is not limited to contemporaneous events, actions, communications, or documents.

6.     The terms "You" and "Your" shall mean and refer to NVR, Inc. and shall include any entity or entities affiliated with NVR, Inc. or under its control, and any of their present or former representatives, directors, stockholders, members, managers, officers, employees (including Rick King and James Garrett), agents, accountants, attorneys, or any other person acting or purporting to act on its behalf.

7.     "Haese" means and refers to Jack Hutchins Haese, an individual residing in Maryland who is a Defendant in this action, and any of his employees, attorneys, representatives or agents, and any entity or entities affiliated with or owned by Haese.

8.     "Insight Homes" means and refers to plaintiff 36 Builders, Inc., doing business as Insight Homes, and any affiliated entity, including Insight Homes, Inc., and Insight Land Company, LLC, and each of their present or former representatives, employees, members, managers, officers, agents, accountants, attorneys, predecessors, successors, assigns, or any other person acting or purporting to act on their behalf.

2

## INSTRUCTIONS

For purposes of this Exhibit A to Subpoena, the following Instructions shall apply:

A.      These Requests include the production of electronically stored information ("ESI"), including all metadata associated with the ESI.

B.      Each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (*e.g.*, by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

C.      If any document was, but is no longer, in your possession; was, but is no longer, subject to your control; or was, but is no longer, in existence, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of.   In each instance, explain the circumstances surrounding any authorization for such disposition, including the date of such disposition; the person(s) responsible for such disposition; the identity of the person, if any, to whom the document was transferred; and the policy, procedure, rule, order, guideline, or other authority by, under or pursuant to which such disposition was made.

D.      If a privilege is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege and the legal and factual basis for each such claim.  If such claim of privilege relates to a document, identify the author, addressee, and all recipients of copies of the document, setting forth the date and general subject matter thereof, and state the basis for the claim of privilege.

E.      If a refusal to respond to a request is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

3

F.      If you are unable to produce documents fully responsive to a request, produce to the extent possible and specify the reasons for your inability to provide a complete production.

G.      These requests for production are continuing, and should you acquire any additional information responsive to these requests, the responses shall be supplemented to provide the additional information in accordance with the applicable Federal and Local Court Rules.

## DOCUMENT REQUESTS

1.      All documents relating to any communication between You and Haese related to any real estate development or project in Sussex County, Delaware or the State of Maryland, in which Haese or any affiliated entity participated, between June 1, 2016, and the date of Your response.

2.      All documents relating to any communication between You and Haese related to Insight Homes or any real estate development or project in which Insight Homes has an interest between June 1, 2016, and the date of Your response.

ACTIVE.133820269.01

4